Elizabeth I. Kiovsky, CO Bar No. 18164
*Admitted Pro Hac Vice*
beth@kdemploymentlaw.com
**KIOVSKY DUWALDT, LLC**
2820 Welton Street
Denver, Colorado 80205
Tel: (303) 320-8301

Lisa McClane, NV Bar No. 10139
Lisa.McClane@jacksonlewis.com
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2474
Fax: (702) 921-2461

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KRISTEN GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>EMBARQ MANAGEMENT COMPANY d/b/a CENTURY LINK COMMUNICATIONS, LLC,; DOES 1-10; ROE CORPORATIONS/ENTITIES 1-10,<br><br>    Defendants. | Case No. 2:16-cv-00126<br><br>**STIPULATED PROTECTIVE ORDER** |

COME NOW Defendant, Embarq Management Company ("Embarq" or "Defendant")[1], and Plaintiff, Kristen Garcia, (collectively the "Parties") by and through their respective counsel, and hereby submit to the Court the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c):

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly

---

[1] CenturyLink Communications LLC is not a d/b/a for Embarq Management Company. CenturyLink Communications, LLC is a separate legal entity, has not been served, and is not a proper defendant in this case because it was not Plaintiff's employer.

annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

IT IS ORDERED:

1. This Protective Order may apply to all documents, materials, and information, including without limitation: documents, electronically stored information, and tangible things disclosed, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests involving personnel, medical, business, financial or proprietary information of the parties. Documents may only be designated CONFIDENTIAL by a party who is directing the confidentiality designation in good faith after review of the document in the sincere belief that such documents meet the definition of CONFIDENTIAL.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) Attorneys actively working on this case;

(b) The parties, including designated representatives of the parties; and,

(c) Witnesses and deponents, to the extent such disclosure is appropriate for preparation, trial, or other proceedings in this case.

5. Prior to disclosing any CONFIDENTIAL information to any person listed in 4(c) above, counsel shall provide such person with a copy of this Protective Order and obtain from

such person their agreement to abide by such Protective Order.

6. Documents are designated as CONFIDENTIAL by placing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portion thereof, shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty (20) business days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL.

9. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

10. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of LR 10-5.                 IA

11. After, the conclusion of this case, unless other arrangements are agreed upon, each document and all copies of thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction upon written request of any other party.

12. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**IT IS SO STIPULATED**:

DATED this ___ day of May, 2016.

| **THE THATER GROUP, PC** | **KIOVSKY DUWALDT, LLC** |
|---|---|
| */s/ M. Lani Estaban-Trinidad* | */s/Elizabeth I. Kiovsky* |
| M. Lani Estaban-Trinidad | Elizabeth I. Kiovsky |
| Nevada Bar No. 006967 | Colorado Bar No. 18164 |
| 6390 W. Cheyenne Ave., Suite A | 2820 Welton Street |
| Las Vegas, NV 89108 | Denver, CO 80205 |
| | |
| | Jackson & Lewis P.C |
| | Lisa McClane, NV Bar No. 10139 |
| | 3800 Howard Hughes Parkway, Ste. 600 |
| | Las Vegas, Nevada 89169 |
| **Attorneys for Plaintiff** | **Attorneys for Defendant** |

**ORDER**

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 5-16-2016